UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY CARTER,
PATRICK EUGENE JAMAR SPAIN,
AARON LAVELLE LEE,

                Plaintiffs,

v.                                                           Case No. 15-cv-10347
                                                           Hon. Gershwin A. Drain

OAKLAND COUNTY SHERIFF'S DEPARTMENT
AND JAIL, DETECTIVE T. HARRISON,
ST. JOSEPH COUNTY SHERIFF'S DEPARTMENT
AND JAIL, CORY SMITH, KALAMAZOO COUNTY
SHERIFF'S DEPARTMENT AND JAIL,
DEPUTY AMPEY,

                Defendants.
_____/

**ORDER SEVERING PLAINTIFFS SPAIN AND LEE AND THEIR CLAIMS
FROM THIS ACTION, TRANSFERRING THEIR CLAIMS TO THE
WESTERN DISTRICT OF MICHIGAN, AMENDING THE CAPTION,
AND DIRECTING PLAINTIFF CARTER TO FILE
AN AMENDED COMPLAINT**

**I. INTRODUCTION**

This is a *pro se* civil rights action under 42 U.S.C. § 1983. The plaintiffs are state prisoners at Chippewa Correctional Facility in Kincheloe, Michigan. The defendants are law enforcement entities and officials. Plaintiffs allege in their joint complaint that the defendants arrested them without a warrant and failed to provide them with a prompt probable cause hearing.

More specifically, plaintiff Jeremy Carter ("Carter") alleges that, on April 23, 2013, defendant, Detective T. Harrison of the Troy Police Department, arrested him without a warrant following a traffic stop. Carter claims that he was charged with a drug crime and held in the

Oakland County Jail for two days, but then released. He further alleges that a criminal complaint was not authorized until eight months later, on December 16, 2013, and that there was no judicial determination of probable cause in the interim.

Plaintiff Patrick Eugene Jamar Spain ("Spain") alleges that, on July 8, 2013, defendant Cory Smith of the Three Rivers Police Department arrested him without a warrant on charges of first-degree home invasion and assault with a dangerous weapon. Spain contends that neither Smith nor St. Joseph County arranged to have him brought before a judicial officer for a probable cause hearing.

Plaintiff Aaron Lavelle Lee ("Lee") alleges that, on September 3, 2013, Deputy Sheriff Ampey of the Kalamazoo County Sheriff's Department arrested him without a warrant for assault. Lee claims that he was detained in the Kalamazoo County Jail from September 3, 2013, until September 6, 2013, when charges were brought against him. He asserts that during those three days, no effort was made to present a complaint to a judicial officer for a prompt determination of probable cause.

All three plaintiffs complain that the defendants' failure to provide them with a prompt probable cause hearing following their warrantless arrests violated their rights under the Fourth Amendment to the United States Constitution. Plaintiffs seek money damages from the arresting officers and their respective counties.

## II. DISCUSSION

### A. Joinder

The threshold question is whether the plaintiffs have properly joined their claims in one complaint. "A party . . . may join . . . as many claims as it has against an opposing party," Fed.

R. Civ. P. 18(a), but plaintiffs may join in one action as plaintiffs only if (1) "they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). Multiple plaintiffs do not pass this two-part test "where each plaintiff provides a different factual background, giving rise to their 'mutual' cause of action." *Harris v. Gerth*, No. 08-CV-12374, 2008 WL 5424134, at *3 (E.D. Mich. Dec. 30, 2008) (unpublished) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997), and *Abdelkarim v. Gonzales*, No. 06-14436, 2007 WL 1284924, at *4-5 (E.D. Mich. Apr. 30, 2007)).

Defendants "may be joined in one action as defendants if any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2). "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In determining whether claims arise from the same transaction or occurrence, courts looks to: "the time period during which the alleged acts occurred; whether the acts ... are related; whether more than one act ... is alleged; whether the same supervisors were involved; and whether the defendants were at different geographical locations." *Proctor v. Applegate*, 661 F.Supp.2d 743, 778 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corr.*, No. 07–10831, 2007 WL 4465247, at *3 (E.D.Mich. Dec.18, 2007) (citing *Brown v. Worthington Steel, Inc.,* 211 F.R.D. 320, 323-25 (S.D. Ohio 2002)).

Each of the three plaintiffs here has alleged facts involving only the officer who arrested him and the county where the arrest occurred. The time periods for the acts and omissions differ for each plaintiff, and even though the plaintiffs allege a common question of law, the facts are

3

different for each plaintiff. Additionally, each set of defendants' factual circumstances, which gives rise to each claim, is in a different geographical location. Because the plaintiffs have not asserted any right to relief arising out of the same transaction, occurrence, or serious of transactions or occurrence, they are improperly joined together in this action. They have not satisfied the transactional relatedness prong of Rule 20(a)(1).

For the same reason, the three sets of defendants are improperly joined in this action. The rights to relief asserted against them did not arise out of the same transaction, occurrence, or series of transactions or occurrences. "Rule 20(a) seeks to promote judicial economy, a goal that is not served where, as here, the incidents underlying the claims are wholly separate, so as to require entirely different proof." *Brown v. Caruso*, No. 1:13-CV-12475, 2013 WL 5423708, at *2 (E.D. Mich. Sept. 26, 2013).

### B. Remedy and Venue

"Misjoinder of parties is not a ground for dismissing an action," but "the Court may at any time, on just terms, add or drop a party" and "sever any claim against a party." Fed. R. Civ. P. 21. The Court considers the proper venue for an action when making a determination on whether to drop a party or sever claims. In civil actions, the proper venue is the judicial district where (1) any defendant resides if all defendants reside in the state where the district is located, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). The Court may, "[f]or the convenience of parties and witnesses, in the interest of justice," "transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

The events or omissions giving rise to Spain's claims occurred in St. Joseph County, and the events or omissions giving rise to Lee's claims occurred in Kalamazoo County. St. Joseph County and Kalamazoo County lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Thus, the proper venue for Spain and Lee's claims is the Western District of Michigan. For the convenience of the parties and witnesses, and in the interest of justice, a transfer of their claims to the Western District of Michigan is appropriate.

## III. CONCLUSION AND ORDER

Some of the plaintiffs and defendants were improperly joined in this action, and venue for Spain and Lee's claims is proper in the Western District of Michigan. The Court therefore **ORDERS** the following:

Plaintiffs Patrick Eugene Jamar Spain and Aaron Lavelle Lee, as well as, defendants Cory Smith, St. Joseph County Sheriff's Department and Jail, Deputy Ampey, and Kalamazoo County Sheriff's Department and Jail are **SEVERED** from this action pursuant to Rule 21. The Clerk of the Court shall terminate plaintiffs Spain and Lee and defendants Cory Smith, St. Joseph County Sheriff's Department and Jail, Deputy Ampey, and Kalamazoo County Sheriff's Department and Jail from this action.

The Clerk of the Court shall **TRANSFER** Spain and Lee's claims against Cory Smith, St. Joseph County Sheriff's Department and Jail, Deputy Ampey, and Kalamazoo County Sheriff's Department and Jail to the Southern Division of the Western District of Michigan.

The caption to this case is **HEREBY AMENDED** to read "Jeremy Carter v. T. Harrison and Oakland County, Michigan."

Plaintiff Jeremy Carter is **ORDERED** to file an amended complaint raising only his claims against defendants T. Harrison and Oakland County, Michigan.  Carter's failure to comply with this order within sixty (60) days of the date of this order could result in the dismissal of this action.

                                    /s/Gershwin A Drain
                                    GERSHWIN A. DRAIN
                                    UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2015