UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK EUGENE JAMAR SPAIN,

        Plaintiff,                      Case No. 1:15-cv-205

v.                                            Hon. Gordon J. Quist

ST. JOSEPH COUNTY JAIL and
COREY SMITH,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. This action was originally filed in the Eastern District of Michigan by three prisoners in the custody of the Michigan Department of Corrections (MDOC). The claims of plaintiffs Patrick Spain and Aaron Lee brought against defendants Officer Corey Smith[1], the St. Joseph County Sheriff's Department and Jail, Deputy Ampey and the Kalamazoo County Sheriff's Department were severed and transferred to the Western District. *See* Order (docket no. 12). On March 23, 2015, this Court dismissed plaintiff Lee and defendants Kalamazoo County Jail and Deputy Ampey. *See* Amended Order of Partial Dismissal (docket no. 16). In addition, the Court amended the caption to read "*Patrick Eugene Jamar Spain v. St. Joseph County Jail and Corey Smith*." *Id.* This matter is now before the Court on defendant St. Joseph County Jail's motion to dismiss (docket no. 18) and defendant Corey Smith's motion for summary judgment (docket no. 22). Neither motion is opposed.

    **I.**    **Plaintiff's complaint**

---

[1] The Court notes that defendant Corey Smith is identified in the complaint as "Cory Smith."

Plaintiff set forth the following allegations in his complaint. On July 8th, 2013, defendant Officer Corey Smith arrested plaintiff without a warrant for the charges of first-degree home invasion and assault with a dangerous weapon. Compl. (docket no. 1, PageID.5). Officer Smith was required to take plaintiff before a judicial officer for a determination of probable cause for a warrantless arrest, but failed to do so in violation of plaintiff's Fourth Amendment rights and M.C.L. § 764.13. *Id.* In addition, Smith failed to present a complaint to a judicial officer setting forth probable cause as to enable the judicial officer to make a finding of probable cause for the issuance of a felony warrant as required by M.C.L. § 764.13. *Id.* This failure violated plaintiff's rights under the Fourth Amendment and M.C.L. § 764.13. *Id.* Finally, defendant St. Joseph County Jail was required to ensure that plaintiff received a prompt probable cause determination hearing within 48 hours of the warrantless arrest, but failed to do so in violation of plaintiff's Fourth Amendment rigthts. *Id.* Plaintiff seeks damages in excess of $75,000.00. *Id.* at PageID.7.

## II.    St. Joseph County Jail's motion to dismiss

Defendant St. Joseph County Jail seeks to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Here, plaintiff alleged that the St. Joseph County Jail violated his Fourth Amendment rights when it failed to ensure that plaintiff received a prompt probable cause determination. Plaintiff's claim fails because the St. Joseph County Jail is not a person subject to suit under § 1983. "The jail is a building, not an entity capable of being sued in its own right." *McCallum v. Michigan Department of Corrections*, No. 1:15-cv-700, 2015 WL 4389775 at *3 (W.D. Mich. July 15, 2015). *See Watson v. Gill*, 40 Fed. Appx. 88, 89 (6th Cir.2002) (holding that a county jail was a "department of the county" and "not a legal entity susceptible to suit"); *Hughson v. County of Antrim*, 707 F.Supp. 304, 306 (W.D.Mich.1988) (concluding that county sheriff's department and county prosecutor's office are not legal entities capable of being sued). Accordingly, the Court should dismiss the St. Joseph County Jail as a defendant in this action.

**III.    Defendant Smith's motion for summary judgment**

### A. Legal standard

Defendant Smith seeks summary judgment pursuant to Fed. R. Civ. P. 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

As discussed, defendant's motion is unopposed. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted

4

automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Id.* at 405.

      **B.**    **Discussion**

          **1.**    **Plaintiff's verified complaint and affidavit**

Plaintiff's complaint includes a verification which presumably is intended to serve as a response to subsequently filed motions for summary judgment. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (a verified complaint has the same force and effect as an affidavit for purposes of responding to a motion for summary judgment). Plaintiff's verification states:

> I have read the forgoing complaint and hereby verify that the matters alleged therein are true. I certify under the penalty of perjury that they are true and correct.

Compl. at PageID.8. The second sentence of the verification is consistent 42 U.S.C. § 1746, which provides in pertinent part that in any matter which "is required or permitted to be supported, evidenced, established, or proved by the sworn . . . affidavit, in writing of the person making the same . . . may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury." 28 U.S.C. § 1746(2). Such statements must be made in substantially the following form "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". 28 U.S.C. § 1746(2).

Plaintiff also attached a fill-in-the-blank "affidavit" (declaration), which repeats the claim that the arresting officer did not take him before a judicial officer for a probable cause determination.[2]  This declaration was not in the form prescribed by § 1746(2) but based on information and belief:

> I, Patrick E. Spain affirm that these statements are true, and factual to the best of my information and belief.  I hold to these statements as true under the penalty of perjury.

Compl. at PageID.11.  This statement is not sufficient to support or oppose a motion for summary judgment.  *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) ("statements made on belief or on information and belief, cannot be utilized on a summary-judgment motion") (internal quotation marks omitted).  Accordingly, the Court will consider plaintiff's verified complaint as an affidavit for the purpose of responding to Officer Smith's motion for summary judgment, but will not consider plaintiff's attached affidavit for this purpose.

### 2.  Officer Smith's affidavit/declaration

In support of his motion, Officer Smith provided an affidavit (declaration) pursuant to 28 U.S.C. § 1746 which sets forth the following facts.  Plaintiff was arrested on July 8, 2013.  Corey Smith Affidavit (docket no. 23-1, PageID.110).  At that time, Smith was a police officer for the City of Three Rivers and was one of the officers who responded to a report of a home invasion at 818 8th

---

[2]  Plaintiff stated as follows:

> I, Patrick E. Spain declare and say that following my warrantless arrest on July 8, 2013. [sic] The arresting officer did not take me before a Judicial Officer for a Probable Cause Determination hearing.  I further state at no time during this entire criminal process was I presented to a judicial officer for a determination of Probable Cause for the warrantless arrest that took place on July 8, 2013.

Compl. at PageID.11.

Street in Three Rivers on that date. *Id.* at PageID.109-110. The resident at that address informed officers that plaintiff had broken into her home, held a gun to her head, demanded money, and then left her home. *Id.* at PageID.110. The victim told the officers that she believed plaintiff was going to his friend John Payton's house. *Id.* Defendant Smith was one of several officers who went to John Payton's house located at 1403 River Street, Three Rivers, where Payton's mother gave them permission to search the house. *Id.* Plaintiff was found hiding in a closet and was arrested by one of the responding officers. *Id.* Defendant Smith stated that he did not arrest plaintiff, did not take custody of plaintiff, did not transport plaintiff to the jail, did not prepare a charging request, and had no further contact with plaintiff. *Id.*

It is axiomatic that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Thus, to establish personal liability under § 1983, it must be shown that the official acted to cause the deprivation of a federal right. *Reed-Bey v. Pramstaller*, 607 Fed. Appx. 445, 451 (6th Cir. 2015). Here, plaintiff alleged that defendant Smith violated his Fourth Amendment rights by failing to present plaintiff for a probable cause hearing before a judicial officer within 48 hours of his arrest. *See Cupp v. Murphy*, 412 U.S. 291, 294 (1973) ("the detention of the respondent against his will constituted a seizure of his person, and the Fourth Amendment guarantee of freedom from 'unreasonable searches and seizures' is clearly implicated"). "[W]arrantless arrests are permitted but persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991). In *County of Riverside*, the Supreme Court provided guidance on this issue, stating that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter,

comply with the promptness requirement" and "will be immune from systemic challenges." *Id.* at 56. However, "[w]here an arrested individual does not receive a probable cause determination within 48 hours, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57. A violation of this Fourth Amendment requirement can subject an officer to liability under § 1983. *See Drogosch v. Metcalf*, 557 F.3d 372, 378-79 (6th Cir. 2009); *Sanders v. Detroit Police Department*, 490 Fed. Appx. 771 (6th Cir. 2012).

In determining whether a constitutional violation occurred, the Court "must look to state law to determine who is responsible for ensuring that a judicial determination of probable cause is made within 48 hours after an arrest." *Drogosch*, 557 F.3d at 378-79 (internal quotation marks omitted). In Michigan, the relevant state law is M.C.L. § 764.13, which provides that the arresting officer bears that responsibility. *Id.* quoting M.C.L. § 764.13 ("[a] peace officer who has arrested a person for an offense without a warrant shall without unnecessary delay take the person arrested before a magistrate of the judicial district in which the offense is charged to have been committed, and shall present to the magistrate a complaint stating the charge against the person arrested").

Here, plaintiff's verified complaint stated that Officer Smith arrested him on July 8, 2013 and did not take him before a judicial officer for a determination of probable cause. If Officer Smith arrested plaintiff, then he was responsible for taking plaintiff before a judicial officer. *See* M.C.L. § 764.13. However, Officer Smith's declaration stated that while he was one of the officers who went to Payton's house, he was not the officer who arrested plaintiff. Viewing the evidence in the light most favorable to plaintiff, a genuine issue of material fact exists as to whether Officer Smith arrested plaintiff and whether a constitutional violation occurred. *See County of Riverside*, 500 U.S. at 53; *Drogosch*, 557 F.3d at 378-79.

8

Finally, although Officer Smith's motion raises a claim of qualified immunity, he is not entitled to summary judgment on that ground. "The doctrine of qualified immunity protects government officials from liability when 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lyttle v. Riley*, 524 Fed. Appx. 226, 228 (6th Cir. 2013), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). However, the Court cannot grant qualified immunity to a government official where, as in this case, "disputed issues of material fact preclude a determination of whether a constitutional violation occurred." *Lyttle*, 524 Fed. Appx. at 228. Accordingly, Officer Smith's motion for summary judgment should be denied.

## IV. RECOMMENDATION

For these reasons, I respectfully recommend that St. Joseph County Jail's motion to dismiss (docket no. 18) be **GRANTED**.

I further recommend that Officer Corey Smith's motion for summary judgment (docket no. 22) be **DENIED**.

Entered: February 10, 2016          /s/ Ray Kent
                                     Ray Kent
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).